## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**RECO D. SMITH,**

      **Plaintiff,**

**v.**                         **Case No. 2:18-cv-00053**

**HEALTHCARE FINANCIAL SERVICES, and**
**CAMC PHYSICIANS GROUP,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is a Motion for Judgment on the Pleadings (ECF No. 27) filed by HCFS Health Care Financial Services, LLC, claiming that it was wrongfully served with the Summons and Complaint in this matter and that the plaintiff's Complaint fails to state a claim against that entity.

### PROCEDURAL HISTORY

On July 21, 2017, the plaintiff, who was then incarcerated at the Federal Medical Center in Butner, North Carolina, filed a Complaint (ECF No. 1) in the United States District Court for the Eastern District of North Carolina alleging violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and state law claims under the North Carolina Debt Collection Act and for negligence arising out of a disputed debt

of $302 listed on the plaintiff's Transunion credit report.  The defendants named in the Complaint are Healthcare Financial Services and CAMC Physicians Group.

On September 13, 2017, United States Magistrate Judge Robert B. Jones of the United States District Court for the Eastern District of North Carolina granted the plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3), granting the plaintiff leave to proceed *in forma pauperis*.  As a result, pursuant to 28 U.S.C. § 1915(d), officers of the court are responsible for assisting the pauper plaintiff with service of process.

Thus, on September 29, 2017, the Clerk of the North Carolina District Court issued summonses for the defendants, which were subsequently served by the United States Marshals Service.  However, the summons addressed to Healthcare Financial Services was mailed by certified mail to an address which had been provided by the plaintiff for "HCFS Health Care Financial Services, LLC," in Knoxville, Tennessee.

On October 20, 2017, while this matter was still pending in the North Carolina District Court, CAMC Physicians Group filed a Motion to Dismiss pursuant to Rules 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, and HCFS Health Care Financial Services, LLC filed a Motion to Dismiss under Rules 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted against that entity.

On January 12, 2018, the North Carolina District Court granted the Motion to Dismiss of CAMC Physicians Group for lack of personal jurisdiction, denied the Motion to Dismiss filed by HCFS Health Care Financial Services, LLC, and transferred the matter to this United States District Court for further proceedings.  On January 25,

2

2018, HCFS Health Care Financial Services, LLC filed an Answer to Plaintiff's Complaint (ECF No. 26) in which it asserted and preserved certain affirmative defenses, including lack of personal jurisdiction and insufficiencies of process and service of process.

On June 11, 2018, HCFS Health Care Financial Services, LLC filed the instant Motion for Judgment on the Pleadings (ECF No. 27) asserting that it has had no involvement in debt collection practices and proceedings involving the plaintiff, that it is not the proper entity named as a defendant herein, and that it was mistakenly served with a summons in this matter. Accordingly, HCFS Health Care Financial Services, LLC asserts that it was improperly served with process and that the plaintiff's Complaint fails to state a claim upon which relief can be granted against it. Thus, HCFS Health Care Financial Services, LLC seeks judgment on the pleadings and dismissal from this matter.

On December 4, 2018, the undersigned conducted a hearing on the Motion for Judgment on the Pleadings. The plaintiff, who is now incarcerated at the Federal Medical Center in Lexington, Kentucky, participated by telephone. Caleb B. David, of Shuman McCuskey & Slicer, PLLC, counsel for HCFS Health Care Financial Services, LLC, appeared in person.

## **STANDARD OF REVIEW**

HCFS Health Care Financial Services, LLC's Motion and Memorandum of Law cite to Rule 12(c) of the Federal Rules of Civil Procedure, which governs motions for judgment on the pleadings and provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Defendant also cites case law indicating that a motion under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6) for

3

failure to state a claim upon which relief can be granted. *See Burbach Broad Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002); *see also W. Va. Auto & Truck Dealers Ass'n v. Ford Motor Co.*, 2014 WL 2440406, at *3 (N.D. W. Va. May 30, 2014) (Keeley, J.) ("The only difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is timing.")

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted in the instant motion documents, when analyzing a Rule 12(b)(6) motion, the Court may take judicial notice of publicly available information without converting the motion to one for summary judgment. *Hall v. Virginia,* 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

## <u>ANALYSIS</u>

During the hearing before the undersigned, and based upon the documents filed herein, it became apparent that the summons issued by the North Carolina District Court for defendant "Healthcare Financial Services" was improperly issued and served on another entity known as "HCFS Health Care Financial Services, LLC," which is not in any way connected to the conduct alleged in the plaintiff's Complaint. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that "HCFS Health Care Financial Services, LLC" is not a proper party to this civil action and that the plaintiff's Complaint fails to state a claim upon which relief can be granted against "HCFS Health

Care Financial Services, LLC." Consequently, it is respectfully **RECOMMENDED** that the Motion for Judgment on the Pleadings filed by HCFS Health Care Financial Services, LLC (ECF No. 27) be **GRANTED**. By separate Order, the undersigned will direct the Clerk of this United States District Court to issue and serve new process for the properly named defendants.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.


December 7, 2018

Dwane L. Tinsley
United States Magistrate Judge